UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
ALBA CARRASCO and ANTHONY MAYNARD,

                              Plaintiffs,

              -against-

Police Officer JONATHAN RODRIGUEZ, Shield No. 642; Lieutenant KISHON HICKMAN, Shield No. 720; Police Officer EDWARD PINERO; Police Officer LYDIA FIGUEROA; Police Officer STEPHAN HILLMAN; Police Officer BERLINDA ACEVEDO; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                              Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

13 CV 8556 (PAC)

Jury Trial Demanded

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiffs' rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiffs demand a trial by jury in this action.

## PARTIES

6. Plaintiff Alba Carrasco ("Ms. Carrasco") is a resident of New York County in the City and State of New York.

7. Plaintiff Anthony Maynard ("Mr. Maynard") is a resident of New York County in the City and State of New York.

8. Defendant Police Officer Jonathan Rodriguez, Shield No. 642 ("Rodriguez"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Rodriguez is sued in his individual and official capacities.

9. Defendant Lieutenant Kishon Hickman, Shield No. 720 ("Hickman"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Hickman is sued in his individual and official capacities.

10. Defendant Police Officer Edward Pinero, ("Pinero"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Pinero is sued in his individual and official capacities.

11. Defendant Police Officer Lydia Figueroa ("Figueroa"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Figueroa is sued in her individual and official capacities.

12. Defendant Police Officer Stephan Hillman ("Hillman"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Hillman is sued in his individual and official capacities.

13. Defendant Police Officer Berlinda Acevedo, ("Acevedo"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Acevedo is sued in her individual and official capacities.

14. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

15. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

16. At all times relevant herein, all individual defendants were acting under color of state law.

## **STATEMENT OF FACTS**

17.     At approximately 1:30 a.m. on November 13, 2011, Ms. Carrasco was lawfully in the vicinity of 2179 Third Avenue in New York, New York.

18.     Ms. Carrasco was leaving a baby shower where friends and family had been in attendance.

19.     For no lawful reason, multiple defendants arrived and aggressively began brutalizing Ms. Carrasco's friends and family as they attempted to go home.

20.     When Ms. Carrasco asked what was going on, a defendant officer said, in sum, "handcuff that bitch," and Ms. Carrasco was violently handcuffed and put in a police vehicle.

21.     Ms. Carrasco was taken to the 25th Precinct.

22.     Having learned what had happened at the baby shower, plaintiff Mr. Maynard arrived at the 25th Precinct sometime in the early morning hours of November 14, 2011, to find out if his friends were okay.

23.     Mr. Maynard observed one of his friends being beaten by defendants inside of the Precinct as his friend was handcuffed and already bleeding.

24.     When Mr. Maynard asked why defendants were beating his friend, a defendant officer threw Mr. Maynard to the ground and began kicking, beating and punching his upper body with fists and a baton.

25.     Mr. Maynard was arrested.

26. The officers of the 25th Precinct falsely informed employees of the Manhattan District Attorney's Office that they had observed Ms. Carrasco engaged in criminal activity and prepared false paperwork, including an arrest report.

27. At no point did the officers observe Ms. Carrasco engage in criminal activity.

28. At some point Ms. Carrasco was taken to Manhattan Central Booking.

29. After approximately 24 hours in custody, Ms. Carrasco was released on her own recognizance.

30. After making several court appearances, Ms. Carrasco was given an adjournment in contemplation of dismissal.

31. After approximately 24 hours in custody, Mr. Maynard was released and went to Mt. Sinai Hospital for treatment of the injuries he suffered at the hands of defendants.

32. Mr. Maynard suffered multiple injuries, including severe pain to his right shoulder, chest and neck as well as bruising throughout these areas.

33. Plaintiffs suffered damage as a result of defendants' actions. Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to their reputation.

## FIRST CLAIM
**Unlawful Stop and Search**

34. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

35. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Ms. Carrasco without reasonable suspicion.

36. As a direct and proximate result of this unlawful conduct, Ms. Carrasco sustained the damages herein before alleged.

## SECOND CLAIM
**False Arrest**

37. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

38. Defendants violated the Fourth and Fourteenth Amendments because they arrested Ms. Carrasco without probable cause.

39. As a direct and proximate result of this unlawful conduct, Ms. Carrasco sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Unreasonable Force

40. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

41. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on Anthony Maynard.

42. As a direct and proximate result of this unlawful conduct, Anthony Maynard sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

43. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

44. The individual defendants created false evidence against Ms. Carrasco.

45. The individual defendants forwarded false evidence to prosecutors in the Manhattan County District Attorney's office.

46. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

47. As a direct and proximate result of this unlawful conduct, Ms. Carrasco sustained the damages hereinbefore alleged.

## **FIFTH CLAIM**
**First Amendment Retaliation**

48. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

49. By their conduct, as described herein, and acting under color of state law to deprive the plaintiffs of their right to freedom of speech under the First and Fourteenth Amendments, the individual defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution. The individual defendants have violated plaintiffs' First Amendment rights to speech by unlawfully denying their right to speak freely by subjecting them to false arrest and excessive force to deter the exercise of their First Amendment rights. Defendants' actions were taken in retaliation for plaintiffs' exercising their First Amendment rights.

50. As a consequence of the individual defendants' actions, plaintiffs have suffered violations of their First and Fourteenth Amendment rights to free speech. Plaintiffs have fear and apprehension that they will, again, be subject to similar unlawful acts by defendants done for the purpose of limiting and preventing their First Amendment-protected activities.

51.     As a direct and proximate result of the individual defendants' unlawful actions, plaintiffs have suffered damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

### SIXTH CLAIM
### Failure To Intervene

52.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

53.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

54.     Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth, Sixth and Fourteenth Amendments.

55.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs respectfully request judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   April 23, 2014
         New York, New York

                                        HARVIS WRIGHT & FETT LLP

                                        _____
                                        Baree N. Fett
                                        305 Broadway, 14th Floor
                                        New York, New York 10007
                                        (212) 323-6880
                                        bfett@hwandf.com

                                        *Attorneys for plaintiffs*